# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GILBERTO PEREZ,

        Plaintiff,                  Case Number: 2:11-cv-15405

v.                                       HONORABLE LAWRENCE P. ZATKOFF

J. COSGROVE, et al.,

        Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Gilberto Perez is incarcerated at the E. C. Brooks Correctional Facility in Muskegon Heights, Michigan. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because it fails to state a claim upon which relief may be granted.

### I.

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

    Notwithstanding any filing fee, or any portion thereof, that may
    have been paid, the court shall dismiss the case at any time if the
    court determines that –
    . . .
    (B) the action or appeal –
    . . .
    (ii) fails to state a claim upon which relief may be granted . . .

which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal.

## II.

### A.

Plaintiff's complaint arises from events the occurred when he was incarcerated at one or more Michigan correctional facilities.  Plaintiff names as defendants J. Cosgrove, the Position Resident Unit Manager at the Carson City Correctional Facility in Carson City, Michigan, four others working at that facility, and employees at the Saginaw Correctional Facility and the Pine River Correctional Facility.  He alleges that the defendants lost or destroyed his personal property while he was completing a grievance process related to the property and have failed to tell him what happened to his property.  Plaintiff seeks compensatory and punitive damages.

### B.

Although Plaintiff does not identify the precise constitutional right that he claims was violated by the defendants, the Court construes his claim as a claim that his property was deprived

without due process of law, a violation of the Fourteenth Amendment to the Constitution.[2] The facts alleged by the Plaintiff do not, however, state a claim for deprivation of procedural due process because the negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. *Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (*overruled in part by Daniels v. Williams*, 474 U.S. 327, 328 (1986) (ruling that negligence does not amount to a "deprivation" implicating due process)). The civil rights act, 42 U.S.C. § 1983, "is not a remedy for addressing the taking of property if a post-deprivation remedy is available.*"* *McMillan v. Fielding*, 136 Fed. Appx. 818, 820 (6th Cir. 2005) (*citing Parratt*, 451 U.S. at 543-44). To maintain a §1983 action "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065 (6th Cir. 1983). Plaintiff has not alleged or shown that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. Plaintiff has an adequate remedy in the state courts. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (Michigan law provides several adequate post-deprivation remedies to recover possession of or damages for goods and chattel unlawfully taken or detained). Thus, Plaintiff has failed to state a claim upon which relief may be granted under § 1983.

### III.

For the reasons stated, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** the

---

[2] A violation of state statute or regulation alone is insufficient to make a claim cognizable under § 1983. *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010).

complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). The Court also concludes that an appeal from this order would be frivolous and cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *overruled on other grounds* by *Jones v. Bock*, 549 U.S. 199 (2007).

**SO ORDERED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 21, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290